**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-5003**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

BARRY E. GITARTS,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Liam O'Grady, District
Judge.  (1:07-cr-00464-LO-1)

─────────────

Submitted:  July 29, 2009          Decided:  August 28, 2009

─────────────

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Jonathan L. Katz, JON KATZ, P.C., Silver Spring, Maryland, for
Appellant.   Dana J. Boente, United States Attorney, Jay V.
Prabhu, Assistant United States Attorney, Josh Goldfoot, Tyler
G. Newby, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria,
Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry E. Gitarts was convicted of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2006). He received a sentence of eighteen months' imprisonment. Gitarts raises several issues on appeal: (1) evidence obtained from searches of his home and remote computer server should have been suppressed; (2) the indictment should have been dismissed for failing to sufficiently charge a crime; (3) statements made by Gitarts during questioning at his residence should have been suppressed; (4) venue did not properly lay in the Eastern District of Virginia; (5) the district court improperly admitted business records in violation of the Confrontation Clause; (6) the evidence against him was insufficient to support the conviction; (7) the district court abused its discretion in providing the indictment to the jury during its deliberations; and (8) his sentence was unreasonable. We affirm.

I.    Searches of Gitarts's Home and the TSV Server

Gitarts asserts that the searches executed on his home and on the TSV server, a computer server located in Texas, should have been suppressed because the authorities lacked probable cause. In reviewing the district court's ruling on a motion to suppress, we review the district court's factual

2

findings for clear error and its legal determinations de novo. United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008). The facts are reviewed in the light most favorable to the prevailing party below. United States v. Jamison, 509 F.3d 623, 628 (4th Cir. 2007).

The relevant inquiry when reviewing the propriety of the issuance of a search warrant is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding there was probable cause to issue the warrant. See Illinois v. Gates, 462 U.S. 213, 238-39 (1983). The facts presented to the issuing judge need only convince a person of reasonable caution that contraband or evidence of a crime will be found at the place to be searched. Texas v. Brown, 460 U.S. 730, 742 (1983). Reviewing courts afford great deference to a magistrate's finding of probable cause. See Gates, 462 U.S. at 236.

It is clear that the TSV warrant was supported by probable cause. The affidavits presented in support of the warrant explicitly detailed the information given to the FBI by the Recording Industry Association of America ("RIAA") concerning an underground music piracy conspiracy known as Apocalypse Production Crew ("aPC") and its distribution of pirated material. A confidential informant worked with the RIAA, allowing the RIAA to access infringing music files stored

3

on the TSV server and download them directly to an independent contractor working with the RIAA. On this basis, the RIAA provided the government with (1) infringing music titles downloaded by the independent contractor from TSV; (2) transfer logs showing such downloads; (3) sample screen shots of the downloads; (4) a listing of several TSV directories; (5) logs of chat groups between aPC members. This information was independently analyzed and confirmed by the FBI. The FBI then learned the location of the server by way of its IP address, and through the server's internet service provider ("ISP"). In light of the great deference due to the judgment of the issuing magistrate, Gates, 462 U.S. at 236, we find that probable cause supported the issuance of the warrant for the TSV server.

We reach the same result regarding the affidavit supporting the warrant for a search of Gitarts's residence. In addition to incorporating the information in support of the TSV warrant, the affidavit contained further information linking Gitarts to aPC and the TSV server. Records turned over by the ISP indicated that Gitarts was paying for the TSV's ISP services from his New York residence. Records from PayPal, an online money transfer service, indicated a monetary transfer from Paul Davis, the leader of aPC, to Gitarts. Moreover, analysis of data contained on the TSV server indicated that someone had accessed the server as an administrator on more than one

4

occasion from a computer located at Gitarts's residence. Therefore, we find that probable cause supported issuance of the warrant for a search of Gitarts's residence.

## II. Statements Made by Gitarts

Gitarts next contends the district court erroneously determined Gitarts was not in custody at the time he gave statements to authorities during the search of his apartment. Therefore, according to Gitarts, the district court erred in denying the motion to suppress his statements.

Statements obtained from an individual during a custodial interrogation are presumptively compelled in violation of the Fifth Amendment, unless the Government shows that law enforcement officers adequately informed the individual of his Miranda[1] rights and secured a waiver of those rights. United States v. Cardwell, 433 F.3d 378, 388 (4th Cir. 2005). An individual is in custody for Miranda purposes when, under the totality of the circumstances, the individual's "freedom of action is curtailed to a degree associated with formal arrest." Berkemer v. McCarty, 468 U.S. 420, 440 (1984) (internal quotation marks and citation omitted). Thus, an individual may still be "in custody" even when informed that he is not under

_____

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

arrest, if a "reasonable man in [his] position would have understood his situation to be one of custody." United States v. Colonna, 511 F.3d 431, 435 (4th Cir. 2007) (internal quotation marks and citation omitted).

Here, Gitarts was not in custody during his questioning. Gitarts was questioned in his own home in the presence of his family. He was not handcuffed or otherwise restrained, was not told he was under arrest, and was told he could leave at any time. See United States v. Parker, 262 F.3d 415, 419 (4th Cir. 2001) (finding no Miranda violation where subject questioned in own home, without restraint, and never told she was not free to leave). Accordingly, because a reasonable person in Gitarts's situation would not have felt his freedom was curtailed to the degree associated with a formal arrest, Miranda was not implicated during Gitarts's questioning. Therefore, the district judge did not err in denying Gitarts's motion to suppress.

III. Denial of Motion to Dismiss Indictment

Next, Gitarts contends that the district court erred in denying his pretrial motion to dismiss his indictment for failure to sufficiently charge a crime. Where a district court's denial of a defendant's motion to dismiss an indictment depends on a question of law, we review de novo the propriety of

such a denial. United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). Rule 7(c)(1), Fed. R. Crim. P., provides, in pertinent part: "The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Gitarts contends that the indictment is not sufficiently plain, concise, or definite, and fails to contain the "essential facts constituting the offense charged."

Gitarts's assertion lacks merit. The indictment clearly delineates the scope of the online piracy conspiracy, in which Gitarts, in cooperation with others, "would obtain, rip, . . . and distribute copyrighted music files to group-affiliated Internet file storage sites . . . throughout the world." In furtherance of that conspiracy, Gitarts paid for and administered a computer server in Texas in order "to store hundreds of unauthorized copies of copyrighted works." We find the indictment was clearly adequate.

IV.  Venue

Gitarts next contends that his conviction should be reversed for improper venue, as he "was never alleged to have been physically present in the Eastern District of Virginia, nor

7

to have known of any conspiracy-related activity taking place in the Eastern District of Virginia."

We review de novo a district court's ruling on a motion to dismiss for improper venue. United States v. Stewart, 256 F.3d 231, 238 (4th Cir. 2001). The U.S. Constitution and Rule 18 of the Federal Rules of Criminal Procedure require that a criminal defendant be tried for an offense in the district where the offense was committed. United States v. Cabrales, 524 U.S. 1, 6-7 (1998); United States v. Ebersole, 411 F.3d 517, 524 (4th Cir. 2005) ("As a general proposition, venue is proper in any district where the subject crime committed.") "It is well-accepted that there may be more than one appropriate venue, or even a venue in which the defendant has never set foot, so long as it meets the relevant constitutional and statutory requirements." United States v. Johnson, 510 F.3d 521, 524 (4th Cir. 2007) (internal quotation marks and citation omitted).

Here, the indictment alleged sufficient conspiracy-related activity to justify venue in the Eastern District of Virginia. The indictment alleged that a former leader of aPC used his access to a computer server located in the Eastern District of Virginia to reward various aPC members with additional copyrighted works for their involvement in the conspiracy. In addition, an aPC member using an internet connection located in the Eastern District of Virginia

8

downloaded an infringing work from the TSV server paid for and administered by Gitarts. As the sole purpose of the conspiracy was to gain access to additional infringed works, these actions in furtherance of the conspiracy are sufficient to place venue in the Eastern District of Virginia, despite the fact that Gitarts alleges he was never physically present in the district.

## V. Business Records

Gitarts next alleges that the trial court violated his Sixth Amendment rights in allowing the Government to introduce business records into evidence through "declarations of purported records custodians" instead of the live testimony of a records custodian. Gitarts alleges that such records are testimonial, and are therefore inadmissible under Crawford v. Washington, 541 U.S. 36 (2004).

Where evidentiary issues relate to an asserted violation of the Sixth Amendment, the appropriate standard of review employed by courts of appeal is de novo. United States v. Robinson, 389 F.3d 582, 592 (6th Cir. 2004). Under Crawford, the Confrontation Clause of the Sixth Amendment prohibits the introduction of out-of-court testimonial evidence unless the witness is unavailable and the defendant has had a prior opportunity for cross-examination. 541 U.S. at 68.

9

However, Crawford explicitly states that business records are not testimonial evidence. 541 U.S. at 56. Therefore, they are not subject to the requirements of the Confrontation Clause, and the district court did not err in allowing the introduction of the business records.[2]

## VI. Sufficiency of the Evidence

Next, Gitarts contends that the evidence presented to the jury was insufficient to support the jury's finding of guilt. Specifically, Gitarts asserts that his conviction should be reversed because the Government failed to introduce certificates of copyright registration in order to demonstrate infringement and generally failed to prove the existence of a conspiracy, or that Gitarts was part of any conspiracy.

---

[2] Subsequent to briefing, Gitarts filed notice pursuant to Fed. R. App. P. 28(j) advising this Court of the Supreme Court's recent decision in Melendez-Diaz v. Massachusetts, 557 U.S. __, 129 S. Ct. 2527 (2009). In Melendez-Diaz, the Supreme Court applied Crawford to preclude the admission into evidence of "certificates of analysis" detailing the results of forensic testing performed on seized cocaine. See id. at 2542. Gitarts asserts that Melendez-Diaz requires "the exclusion of business records and all other testimonial hearsay" and requests oral argument, or, in the alternative, briefing on this issue. However, because Melendez-Diaz explicitly reaffirms Crawford's holding that traditional business records are not testimonial evidence, we conclude that Melendez-Diaz does not advance Gitarts's position. See id. at 2539-40.

"A defendant challenging the sufficiency of the evidence faces a heavy burden."  United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008).  We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); see Glasser v. United States, 315 U.S. 60, 80 (1942).  We review both direct and circumstantial evidence, and accord the Government all reasonable inferences from the facts shown to those sought to be established.  United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).

In order to prove conspiracy to defraud the United States, the Government must demonstrate:  "(1) the existence of an agreement, (2) an overt act by one of the conspirators in furtherance of the objectives, and (3) an intent on the part of the conspirators to agree, as well as to defraud the United States."  United States v. Tedder, 801 F.2d 1437, 1446 (4th Cir. 1986).  Though Gitarts asserts that the Government was required to introduce certificates of registration in order to demonstrate copyright infringement, this contention is without merit.  While he may be correct that the Government must "show copyright certificate registration to maintain a copyright

11

infringement action," Gitarts overlooks the fact that he was not prosecuted for criminal infringement of copyright. In so doing, Gitarts "confuses the offense of criminal conspiracy with the substantive goal of the conspiracy." United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004). In a prosecution for conspiracy, the Government need not prove "that the object of the conspiracy was achieved or could have been achieved, only that the parties agreed to achieve it." Id. Our review of the record indicates that the Government provided sufficient evidence to allow a rational trier of fact to find the essential elements of the conspiracy beyond a reasonable doubt.

VII. Submission of Indictment to the Jury

As the final challenge to his conviction, Gitarts contends that the district court erred in submitting the indictment to the jury. In support of this argument, Gitarts lists roughly ten paragraphs of the indictment that he asserts contain allegations not established at trial.

We review a district court's decision to submit an indictment to the jury for abuse of discretion. See United States v. Polowichak, 783 F.2d 410, 413 (4th Cir. 1986) ("The submission of an indictment to the jury is a discretionary matter with the district court.") Generally, irrelevant allegations contained in the indictment should be redacted prior

12

to its submission to the jury. See id. However, if no redaction occurs, there is no reversible error so long as "the jury is unequivocally instructed that the indictment is not evidence, that the indictment is distributed solely as an aid in following the court's instructions and the arguments of counsel, and that certain counts should be disregarded as irrelevant to the defendants currently before the district court." Id.

Here, the district court specifically informed the jury that the indictment was not evidence of any kind. The court also stated that the Government was not required to prove all the methods of conspiracy alleged in the indictment, but that, in order to convict, every juror must agree on at least one alleged method of conspiracy engaged in by Gitarts. Because the court unequivocally informed the jury that the indictment was not evidence, and that it could consider nothing but the evidence presented before it, the court did not abuse its discretion in submitting the indictment to the jury.

VIII. Sentencing Issues

Gitarts asserts that the sentence imposed by the district court was unreasonable in two respects. When considering the reasonableness of a sentence, we review legal conclusions de novo and factual findings, such as loss

13

calculations, for clear error. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008).

Gitarts first contends that the trial court incorrectly calculated the amount of loss arising from his offense conduct, resulting in an improperly elevated offense level. Though loss must be established by a preponderance of the evidence, the district court "need only make a reasonable estimate of the loss, given the available information." United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). Here, the district court appropriately considered the loss calculation and, after hearing extensive argument from both sides regarding the loss evidence, acted reasonably by accepting the estimate of the government. We therefore find this issue to be without merit.

Next, Gitarts contends that the district court erred by adding two points to his offense level for obstruction of justice. Under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2003),

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

14

Specific examples of such behavior include the destruction of evidence, USSG § 3C1.1, cmt. n.4(d), and providing a materially false statement to a law enforcement officer, USSG § 3C1.1, cmt. n.4(g). Here, the evidence at trial was persuasive that Gitarts lied to federal investigators on more than one occasion and attempted to overwrite the hard drive of his computer in an attempt to destroy the evidence of his crimes. Accordingly, we find that the district court did not err in increasing Gitarts's offense level for obstruction of justice.

Therefore, we affirm Gitarts's conviction and sentence. We deny Gitarts's request for oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED