## UNITED STATES *v.* CABRALES

No. 97–643.   Argued April 29, 1998—Decided June 1, 1998

GINSBURG, J., delivered the opinion for a unanimous Court.

*Malcolm L. Stewart* argued the cause for the United States. With him on the briefs were *Solicitor General Waxman, Acting Assistant Attorney General Keeney, Deputy Solicitor General Dreeben,* and *Daniel S. Goodman.*

*John W. Rogers,* by appointment of the Court, 522 U. S. 1106, argued the cause and filed a brief for respondent.*

JUSTICE GINSBURG delivered the opinion of the Court.

This case presents a question of venue, specifically, the place appropriate for trial on charges of money laundering in violation of 18 U. S. C. § 1956(a)(1)(B)(ii) (conducting a financial transaction to avoid a transaction-reporting requirement) and § 1957 (engaging in a monetary transaction in criminally derived property of a value greater than $10,000). The laundering alleged in the indictment occurred entirely in Florida. The currency purportedly laundered derived

---

*\*Steven Wisotsky* and *Lisa B. Kemler* filed a brief for the National Association of Criminal Defense Lawyers as *amicus curiae* urging affirmance.

from the unlawful distribution of cocaine in Missouri. The defendant, respondent Vickie S. Cabrales, is not alleged to have transported funds from Missouri to Florida. Nor is she charged, in the counts before us, with participation in the Missouri cocaine distribution that generated the funds in question. In accord with the Court of Appeals for the Eighth Circuit, we hold that Missouri is not a proper place for trial of the money-laundering offenses at issue.

I

In a three-count indictment returned in the United States District Court for the Western District of Missouri, Cabrales, as sole defendant, was charged with the following offenses: conspiracy to avoid a transaction-reporting requirement, in violation of 18 U.S.C. §§ 371, 1956(a)(1)(B)(ii) (Count I); conducting a financial transaction to avoid a transaction-reporting requirement, in violation of § 1956 (a)(1)(B)(ii) (Count II); and engaging in a monetary transaction in criminally derived property of a value greater than $10,000, in violation of § 1957 (Count III). The indictment alleged that, in January 1991, Cabrales deposited $40,000 with the AmSouth Bank of Florida and, within a week's span, made four separate withdrawals of $9,500 each from that bank. The money deposited and withdrawn was traceable to illegal sales of cocaine in Missouri.

Cabrales moved to dismiss the indictment in its entirety for improper venue. On recommendation of the Magistrate, the District Court denied the motion as to Count I, the conspiracy count, based on the Government's assertions that Cabrales "was present in Missouri during the conspiracy, lived with a conspirator in Missouri, and participated in various activities in Missouri in furtherance of the conspiracy." App. to Pet. for Cert. 11a, 14a–15a. Also on the Magistrate's recommendation, the District Court granted the motion to dismiss Counts II and III, the money-laundering counts, because the deposit and withdrawals occurred in Florida and

"[n]o activity of money laundering . . . occurred in Missouri."
*Id.,* at 11a, 14a.

On the Government's appeal, the Eighth Circuit affirmed the District Court's dismissal of the money-laundering counts. 109 F. 3d 471, as amended, 115 F. 3d 621 (CA8 1997). The conspiracy charge was not part of the appeal, and that count remains pending in the Missouri District Court. 109 F. 3d, at 472, n. 2, as amended, 115 F. 3d 621.

The Court of Appeals first recounted law that is not in doubt: "Both Rule 18 of the Federal Rules of Criminal Procedure and the Constitution require that a person be tried for an offense where that offense is committed," 109 F. 3d, at 472; also, the site of a charged offense " 'must be determined from the nature of the crime alleged and the location of the act or acts constituting it,' " *ibid.* (quoting *United States* v. *Anderson,* 328 U. S. 699, 703 (1946)). "Continuing offenses," the Court of Appeals recognized, those "begun in one district and completed in another," 18 U. S. C. § 3237(a), may be tried " 'in any district in which such [an] offense was begun, continued, or completed.' " 109 F. 3d, at 472 (quoting § 3237(a)).

But "Cabrales was not accused of a 'continuing offense,' " the Eighth Circuit said, *ibid.;* "[s]he was charged with money laundering, for transactions which began, continued, and were completed only in Florida," *ibid.* "That the money came from Missouri is of no moment," the Court of Appeals next observed, for "Cabrales dealt with it only in Florida." *Ibid.* The money-laundering counts "include[d] no act committed by Cabrales in Missouri," the Eighth Circuit emphasized, nor did "the [G]overnment charge that Cabrales transported the money from Missouri to Florida." *Ibid.*

The Government urges that, in conflict with the Eighth Circuit, other Courts of Appeals "have held that venue for money laundering offenses is proper in the district in which the funds were unlawfully generated, even if the financial transaction that constitutes the laundering occurred wholly within another district." Pet. for Cert. 9–10 (citing *United*

*States* v. *Heaps,* 39 F. 3d 479, 482 (CA4 1994); *United States* v. *Beddow,* 957 F. 2d 1330, 1335–1336 (CA6 1992); *United States* v. *Sax,* 39 F. 3d 1380, 1390–1391 (CA7 1994); *United States* v. *Angotti,* 105 F. 3d 539, 544–545 (CA9 1997)). We granted certiorari to resolve the conflict, 522 U. S. 1072 (1998), and now affirm the Eighth Circuit's judgment.

## II

Proper venue in criminal proceedings was a matter of concern to the Nation's founders. Their complaints against the King of Great Britain, listed in the Declaration of Independence, included his transportation of colonists "beyond Seas to be tried."[1] The Constitution twice safeguards the defendant's venue right: Article III, §2, cl. 3, instructs that "Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed"; the Sixth Amendment calls for trial "by an impartial jury of the State and district wherein the crime shall have been committed." Rule 18 of the Federal Rules of Criminal Procedure, providing that "prosecution shall be had in a district in which the offense was committed," echoes the constitutional commands.

We adhere to the general guide invoked and applied by the Eighth Circuit: "[T]he *locus delicti* must be determined

---

[1] The Declaration recited among injuries and usurpations attributed to the King: "transporting us beyond Seas to be tried for pretended offences." The Declaration of Independence, para. 21 (1776). A complaint of the same tenor appeared earlier, in the 1769 "Virginia Resolves." See Blume, The Place of Trial of Criminal Cases: Constitutional Vicinage and Venue, 43 Mich. L. Rev. 59, 64 (1944). Parliament had decreed that colonists charged with treason could be tried in England. See 16 Parliamentary History of England from the Earliest Period to Year 1803, pp. 476–510 (T. Hansard ed. 1813). In response, the Virginia House of Burgesses unanimously passed a resolution condemning the practice of sending individuals "beyond the Sea, to be tried" as "highly derogatory of the Rights of British subjects." Journals of the House of Burgesses of Virginia, 1766–1769, p. 214 (J. Kennedy ed. 1906).

from the nature of the crime alleged and the location of the act or acts constituting it." *Anderson,* 328 U. S., at 703. Here, the crimes described in Counts II and III are defined in statutory proscriptions, 18 U. S. C. §§ 1956(a)(1)(B)(ii), 1957, that interdict only the financial transactions (acts located entirely in Florida), not the anterior criminal conduct that yielded the funds allegedly laundered.

Congress has provided by statute for offenses "begun in one district and completed in another"; such offenses may be "prosecuted in any district in which [the] offense was begun, continued, or completed." 18 U. S. C. § 3237(a). The Government urges that the money-laundering crimes described in Counts II and III of the indictment against Cabrales fit the § 3237(a) description. We therefore confront and decide this question: Do those counts charge crimes begun in Missouri and completed in Florida, rendering venue proper in Missouri, or do they delineate crimes that took place wholly within Florida?

Notably, the counts at issue do not charge Cabrales with conspiracy; they do not link her to, or assert her responsibility for, acts done by others. Nor do they charge her as an aider or abettor in the Missouri drug trafficking. See 18 U. S. C. § 2 (one who aids or abets an offense "is punishable as a principal"). Cabrales is charged in the money-laundering counts with criminal activity "after the fact" of an offense begun and completed by others. Cf. § 3 ("Whoever, knowing that an offense against the United States has been committed, . . . assists the offender in order to hinder or prevent his . . . punishment, is an accessory after the fact," punishable not as a principal, but by a term of imprisonment or fine generally "not more than one-half the maximum . . . prescribed for the punishment of the principal[.]").

Whenever a defendant acts "after the fact" to conceal a crime, it might be said, as the Government urges in this case, that the first crime is an essential element of the second, see Brief for United States 9, and that the second

facilitated the first or made it profitable by impeding its detection, see *id.*, at 14. But the question here is the *place* appropriate to try the "after the fact" actor. As the Government recognizes, it is immaterial whether that actor knew where the first crime was committed. See Tr. of Oral Arg. 5–6. The money launderer must know she is dealing with funds derived from "specified unlawful activity," here, drug trafficking, but the Missouri venue of that activity is, as the Eighth Circuit said, "of no moment." 109 F. 3d, at 472.[2]

Money laundering, the Court of Appeals acknowledged, arguably might rank as a "continuing offense," triable in more than one place, if the launderer acquired the funds in one district and transported them into another. *Id.*, at 473. But that is tellingly not this case. In the counts at issue, the Government indicted Cabrales "for transactions which began, continued, and were completed only in Florida." *Id.*, at 472. Under these circumstances, venue in Missouri is improper.

The Government identified *Hyde* v. *United States*, 225 U. S. 347 (1912), and *In re Palliser*, 136 U. S. 257 (1890), as the two best cases for its position that money launderers can in all cases be prosecuted at the place where the funds they handled were generated. See Tr. of Oral Arg. 6. Neither decision warrants the ruling the Government here seeks.

In *Hyde*, the defendants were convicted in the District of Columbia of conspiracy to defraud the United States. Although none of the defendants had entered the District as part of the conspiracy, venue was nevertheless appropriate, the Court ruled, based on the overt acts of a co-conspirator there. 225 U. S., at 363. By contrast, the counts at issue in this case allege no conspiracy. They describe activity in which Cabrales alone, untied to others, engaged.

---

[2] Cf. *United States* v. *Lanoue*, 137 F. 3d 656, 661 (CA1 1998) (stating that crime of being a felon in possession of a firearm, in violation of 18 U. S. C. § 922(g)(1), occurs only where the firearm is actually possessed).

*In re Palliser* concerned a man who sent letters from New York to postmasters in Connecticut, attempting to gain postage on credit, in violation of then-applicable law. The Court held that the defendant could be prosecuted in Connecticut, where the mail he addressed and dispatched was received. 136 U. S., at 266–268. The *Palliser* opinion simply recognizes that a mailing to Connecticut is properly ranked as an act completed in that State. Cf. 18 U. S. C. § 3237(a) ("Any offense involving the use of the mails . . . is a continuing offense and . . . may be . . . prosecuted in any district from, through, or into which such . . . mail matter . . . moves."); *United States* v. *Johnson*, 323 U. S. 273, 275 (1944) (consistent with the Constitution "an illegal use of the mails . . . may subject the user to prosecution in the district where he sent the goods, or in the district of their arrival, or in any intervening district"). Cabrales, however, dispatched no missive from one State into another. The counts before us portray her and the money she deposited and withdrew as moving inside Florida only.

Finally, the Government urges the efficiency of trying Cabrales in Missouri, because evidence in that State, and not in Florida, shows that the money Cabrales allegedly laundered derived from unlawful activity. Although recognizing that the venue requirement is principally a protection for the defendant, Reply Brief 10, the Government further maintains that its convenience, and the interests of the community victimized by drug dealers, merit consideration.

But if Cabrales is in fact linked to the drug-trafficking activity, the Government is not disarmed from showing that is the case. She can be, and indeed has been, charged with conspiring with the drug dealers in Missouri. If the Government can prove the agreement it has alleged, Cabrales can be prosecuted in Missouri for that confederacy, and her money laundering in Florida could be shown as overt acts in furtherance of the conspiracy. See 18 U. S. C. § 371 (requiring proof of an "act to effect the object of the conspiracy").

As the Government acknowledged, the difference in the end result "probably . . . would be negligible." Tr. of Oral Arg. 52; see United States Sentencing Commission, Guidelines Manual §1B1.3 (Nov. 1995) (providing for consideration of "Relevant Conduct" in determining sentence).

\* \* \*

We hold that Missouri is not a place of proper venue for the money-laundering offenses with which Cabrales is charged. For the reasons stated, the judgment of the Court of Appeals for the Eighth Circuit is

*Affirmed.*