UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4773

AKAY JORDAN ANYAKOHA,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Raymond A. Jackson, District Judge.
(CR-97-420-A)

Submitted: July 30, 1999

Decided: August 20, 1999

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

David S. Bracken, DAVID S. BRACKEN, P.C., Alexandria, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Scott S. Dahl,
Special Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Akay Jordan Anyakoha appeals from an eighty-four month sentence imposed following his convictions for conspiracy to possess with the intent to distribute and to distribute heroin, 21 U.S.C.A. § 846 (West Supp. 1999), conspiracy to import heroin into the United States, 21 U.S.C.A. §§ 952(a), 963 (West Supp. 1999), and possession with the intent to distribute heroin, 21 U.S.C.§ 841(a) (1994). For the reasons set forth below, we vacate his conviction for substantive offense of possession with the intent to distribute heroin, affirm his conspiracy convictions, and remand this case to the district court for resentencing.

We find that the evidence presented at trial did not establish that the Eastern District of Virginia was the proper venue on the substantive possession count. Where a defendant is charged with more than one crime, venue must be proper with respect to each count. See United States v. Cabrales, 118 S. Ct. 1772, 1776-77 (1998). The Government did not show that Anyakoha had the authority or ability to exercise dominion and control over the package of drugs while the package was in the Eastern District of Virginia. See United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc); United States v. Medina-Ramos, 834 F.2d 874, 877 (10th Cir. 1987). Moreover, there was no evidence that a co-conspirator possessed the heroin in the Eastern District of Virginia, so Anyakoha's possession conviction cannot be based on an aider and abettor theory. See Cabrales, 118 S. Ct. at 1776. Thus, we find that the evidence adduced at trial did not support venue on Count 3 of the indictment in the Eastern District of Virginia.

Anyakoha correctly concedes that the Eastern District of Virginia was the proper venue for the two conspiracy counts. We have reviewed the record and find that the evidence, when viewed most

2

favorably to the Government, was sufficient to support his convictions for conspiring to import, to possess with the intent to distribute, and to distribute heroin. See Burgos, 94 F.3d at 862.

Accordingly, we vacate Anyakoha's conviction for possession with the intent to distribute, 21 U.S.C. § 841(a), and affirm his convictions for conspiracy to import heroin, 21 U.S.C.A. §§ 952(a), 963, and for conspiracy to possess with the intent to distribute and to distribute heroin, 21 U.S.C.A. § 846. We remand this case to the district court for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED AND REMANDED IN PART