# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2855

_____

| | | |
|---|---|---|
| Edwin Obafemi Prosper, | * | |
| | * | |
| Petitioner - Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| United States of America, | * | |
| | * | **[TO BE PUBLISHED]** |
| Respondent - Appellee. | * | |

_____

Submitted:  June 12, 2000

Filed:  July 17, 2000

_____

Before LOKEN and BRIGHT, Circuit Judges, and HAND,* District Judge.

_____

PER CURIAM.

In October 1997, Edwin Obafemi Prosper pleaded guilty to participating in a money-laundering conspiracy in violation of 18 U.S.C. § 1956(h).  He was sentenced to forty months in prison and three years of supervised release, and he was ordered to pay $269,288 in restitution, jointly and severally with his co-defendants.  Prosper appealed his sentence, and this court affirmed.  See United States v. Prosper, 163 F.3d

_____

*The HONORABLE WILLIAM BREVARD HAND, United States District Judge for the Southern District of Alabama, sitting by designation.

604 (8th Cir. 1998) (table).  In November 1998, Prosper filed this petition for post-conviction relief under 28 U.S.C. § 2255, alleging that his trial counsel provided constitutionally ineffective assistance by failing to challenge the jurisdiction of the District of Minnesota over a money-laundering conspiracy charge that could only be venued in the State of Georgia, and that his plea was not knowing and voluntary because he did not understand that the district court lacked jurisdiction.

The district court[1] in a thorough opinion denied the motion, concluding that both § 2255 claims fail because venue and jurisdiction over the money-laundering conspiracy charge were proper in the District of Minnesota.  The court noted that a multi-State offense "may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed," 18 U.S.C. § 3237(a), and that venue is proper in conspiracy cases "in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators." United States v. Bascope-Zurita, 68 F.3d 1057, 1062 (8th Cir. 1995), cert. denied, 516 U.S. 1062 (1996).  The court recited in detail the insurance fraud perpetrated by Prosper and his co-defendant, Febabor, for over four years, as recounted at Prosper's change-of-plea and sentencing hearings.  The court concluded:

> As recounted above, both Prosper and Febabor admitted to participating in a conspiracy by which they obtained fraudulently-acquired funds in Minnesota, sent them to Georgia to be laundered, and then sent them back to Minnesota for distribution.  Each of these steps were stages in the conspiracy to commit money laundering, and were within the scope of that conspiracy.  Accordingly, Prosper's argument that he took actions only within the state of Georgia is unavailing.  Because both Prosper and Febabor have admitted to committing overt acts in Minnesota in furtherance of the conspiracy to launder money, both venue and jurisdiction in this district were appropriate.

---

[1]The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota.

Prosper appeals, arguing that while overt acts in furtherance of mail and health care fraud were committed in Minnesota, those charges were dismissed when Prosper pleaded guilty. The only overt acts of money laundering, Prosper argues, were opening the Georgia bank account and making deposits and withdrawals to that account. Because all those acts took place in Georgia, the District of Minnesota lacked jurisdiction over the money-laundering conspiracy charge. Like the district court, we conclude that Prosper urges far too narrow a view of the overt acts that furthered this long-standing, multi-State money-laundering conspiracy. Cf. United States v. Cabrales, 524 U.S. 1, 7-8 (1998). Accordingly, we affirm for the reasons stated by the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.