**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 02-40364

(Summary Calendar)

_____

LAWERNCE D. KENEMORE, JR.,

Petitioner-Appellant,

versus

N.L. CONNER, WARDEN,

Respondent-Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 5:01-CV-89

October 16, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Lawernce D. Kenemore, federal prisoner # 26175-077, appeals from the district court's

dismissal of his 28 U.S.C. § 2241 petition. Kenemore also moves us to permit him to supplement his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

brief to bring to our attention two recent Supreme Court cases, *Ring v. Arizona*, 122 S.Ct. 2428 (2002) and *Harris v. United States*, 122 S.Ct. 2406 (2002).

In his appeal, Kenemore argues that a defect in his indictment deprived the district court of jurisdiction. Relying on two Supreme Court cases, *Neder v. United States*, 527 U.S. 1 (1999) and *United States v. Cabrales*, 524 U.S. 1 (1998), Kenemore also argues that he was convicted of a non-existent offense. Kenemore also argues that the district court erred in not reviewing his argument in light of the legal doctrine articulated in *Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

Kenemore argues that he should be allowed to proceed by way of the savings clause of 28 U.S.C. § 2255. To bring his § 2241 petition via the § 2255 savings clause, Kenemore must show that § 2255 provides him with an inadequate or ineffective remedy. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). To make this showing, Kenemore must demonstrate that his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted under a non-existent offense, and that his claims were foreclosed by circuit law at the time when they should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

First, Kenemore's argument that a defect in his indictment deprived the district court of jurisdiction has no merit. *See United States v. Cotton*, 122 S.Ct. 1781, 1785 (2002)(holding that defects in an indictment do not deprive a court of its power to adjudicate a case).

Second, Kenemore cannot rely on *Neder* or *Cabrales* to show that 28 U.S.C. § 2255 provided him with an inadequate remedy, because the Supreme Court decided these two cases before the district court denied Kenemore's § 2255 motion. Kenemore had the option of raising these claims on his first § 2255 motion, but failed to do so.

-2-

Third, Kenemore has not demonstrated that his *Accardi* claims are based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, or that his *Accardi* claims were previously foreclosed by circuit law.

Kenemore's motion to supplement his brief on appeal to bring to the court's attention two new Supreme Court cases is GRANTED. The district court's judgment dismissing Kenemore's § 2241 petition is AFFIRMED.