09-3035-cr
USA v. Barrie

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Submitted: August 25, 2010             Decided: August 31, 2010)

Docket No. 09-3035-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

MOUSSA MAGASSOUBA, also known as Moe,

*Defendant*,

ALALIM BARRIE,

*Defendant-Appellant.*

_____

B e f o r e :

KATZMANN, HALL, and CHIN, *Circuit Judges*.

_____

Appeal from a judgment of conviction of the United States District Court for the

Southern District of New York (Patterson, *J.*), entered July 15, 2009, convicting defendant,

following a jury verdict, of one count of conspiracy to commit bank fraud, six substantive counts

of bank fraud, and one count of aggravated identity theft, and sentencing him principally to 65

months' imprisonment.  We affirm.

_____

Stewart L. Orden, New York, N.Y., *for Defendant-Appellant.*

Daniel W. Levy, E. Danya Perry, Katherine Polk Failla, Assistant United
States Attorneys, *for* Preet Bharara, United States Attorney for the
Southern District of New York, New York, N.Y., *for Appellee.*

_____

KATZMANN, *Circuit Judge*:

The federal aggravated identity theft statute, 18 U.S.C. § 1028A, prohibits the knowing transfer, possession, or use of a means of identification of another person "during and in relation to" certain enumerated felony offenses.  This appeal calls upon us in principal part to determine whether venue in a prosecution under this statute is proper in any district where the predicate felony offense was committed, even if the means of identification was not transferred, possessed, or used in that district.  Defendant-appellant Alalim Barrie appeals from a July 15, 2009 judgment of the United States District Court for the Southern District of New York (Patterson, *J.*), convicting him, following a jury trial, of one count of conspiracy to commit bank fraud, six substantive counts of bank fraud, and one count of aggravated identity theft.  On appeal, Barrie argues that the government failed to prove venue in the Southern District of New York by a preponderance of the evidence with respect to the aggravated identity theft count, because there was no evidence that he transferred, possessed, or used another person's means of identification within that district.  We disagree, and hold that where (as here) venue is appropriate for the predicate felony offense, so too is venue appropriate for a prosecution of the separate crime of knowingly transferring, possessing, or using a means of identification of another person "during and in relation to" that offense.  We therefore conclude that venue was properly laid in the

2

Southern District of New York with respect to the aggravated identity theft count, and affirm the judgment of the district court.[1]

## BACKGROUND

Broadly stated, Barrie's conviction arises out of a bank fraud scheme designed to obtain money from banks by counterfeiting, altering, and stealing checks, and by fraudulently transferring funds from a stolen credit card account. The government charged Barrie with eight counts: one count of conspiracy to commit bank fraud in violation 18 U.S.C. § 1349 (Count 1), six counts of substantive bank fraud in violation of 18 U.S.C. § 1344 (Counts 2-7), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A (Count 8).

Count 7 (substantive bank fraud) and Count 8 (aggravated identity theft) related to Barrie's efforts to fraudulently withdraw money from the Bank of America credit card account of Moise Mizrahi (a Brooklyn-based businessman involved in the distribution of small appliances), and to transfer those funds to his own account. It is undisputed that venue was properly laid in the Southern District of New York for Count 7, as Barrie maintained his JPMorgan Chase Bank account, to which the stolen funds were transferred, in that district and withdrew funds from that account at two different Chase branches in the Bronx. Defense counsel raised a venue objection with respect to Count 8, however, arguing that all of the actions that constituted aggravated identity theft took place either in Brooklyn, where Mr. Mizrahi maintained his business, or in New Jersey, Delaware, and Ontario, Canada, the locations of the Bank of America customer service centers that transferred the funds. The district court rejected defense counsel's venue argument, Barrie proceeded to trial, and the jury returned a guilty

---

[1] In a companion summary order, we address and reject Barrie's remaining challenge to the district court's loss calculation at sentencing.

3

verdict on all eight counts of the Indictment. The district court sentenced Barrie principally to 65 months' imprisonment.

The district court entered final judgment on July 15, 2009, and the instant appeal followed.

## DISCUSSION

We review the sufficiency of the evidence as to venue in the light most favorable to the government, crediting "every inference that could have been drawn in its favor." *United States v. Rosa*, 17 F.3d 1531, 1542 (2d Cir. 1994). Because venue challenges raise questions of law, we review the district court's legal conclusions *de novo*. *See United States v. Svoboda*, 347 F.3d 471, 482 (2d Cir. 2003). "[A]lthough venue is grounded in the Sixth Amendment, it is not an element of the crime and the government need only establish venue by a preponderance of the evidence." *United States v. Smith*, 198 F.3d 377, 384 (2d Cir. 1999); *see United States v. Rommy*, 506 F.3d 108, 119 (2d Cir. 2007) ("As this court has frequently observed, the venue requirement, despite its constitutional pedigree, is not an element of a crime so as to require proof beyond a reasonable doubt; rather, venue need be proved only by a preponderance of the evidence." (internal quotation marks omitted)).

Here, Barrie argues that the government failed to prove venue in the Southern District of New York by a preponderance of the evidence with respect to the aggravated identity theft count because none of the acts that comprised that offense took place within that district. In so arguing, Barrie emphasizes that the government failed to adduce any evidence demonstrating that Barrie knowingly transferred, possessed, or used a means of identification of another person in the Southern District of New York. We disagree, and hold that venue is proper in a

4

prosecution under 18 U.S.C. § 1028A in any district where the predicate felony offense was committed, even if the means of identification of another person was not transferred, possessed, or used in that district. Because it is undisputed that venue was properly laid in the Southern District of New York with respect to the predicate bank fraud charged in Count 7, so too was it for the related aggravated identity theft offense charged in Count 8.

Article III of the United States Constitution states that "[t]he Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment echoes this notion, declaring that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." U.S. Const. amend. VI. In furtherance of these provisions, Federal Rule of Criminal Procedure 18 provides that venue lies "in a district where the offense was committed."

In determining whether an offense was committed in a particular district, we look to "the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Cabrales*, 524 U.S. 1, 5 (1998) (quotation marks omitted). In making this inquiry, we "must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999).[2]

---

[2]Although this Circuit often applies a "substantial contacts test" that takes into account a number of factors in determining whether venue is adequately proven, *United States v. Royer*, 549 F.3d 886, 895 (2d Cir. 2008), we need not apply that test here, in addition to the situs of the crime test, because Barrie does not argue that his prosecution in the Southern District of New York on the aggravated identity theft charge resulted in a hardship to him, prejudiced him, or undermined the fairness of his trial. *See United States v. Ramirez*, 420 F.3d 134, 143 (2d Cir. 2005) ("[W]e need not be concerned about jeopardizing the values underlying the substantial contacts test because [defendant] does not argue that being prosecuted in the Southern District of

In those cases where "the acts constituting the crime and the nature of the crime charged implicate more than one location, the [C]onstitution does not command a single exclusive venue." *United States v. Reed*, 773 F.2d 477, 480 (2d Cir. 1985). Rather, absent an express statutory provision to the contrary, any offense "begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a); *see United States v. Lombardo*, 241 U.S. 73, 77 (1916) ("[W]here a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done.").

The federal aggravated identity theft statute, 18 U.S.C. § 1028A, provides in relevant part that

> Whoever, *during and in relation to any [enumerated felony violation, including bank fraud]*, knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall [be guilty of the offense].

18 U.S.C. § 1028A(a)(1) (emphasis added); *see id.* § 1028A(c)(5) (specifying bank fraud as an enumerated felony).[3] On its face, section 1028A prohibits conduct committed "during and in

---

New York 'imposed an additional hardship on [him], prejudiced [him], or undermined the fairness of [his] trial.'" (citation omitted)).

[3] Here, Count 8 charged in relevant part that

In or about November 2006, in the Southern District of New York and elsewhere, [Barrie] unlawfully, willfully, and knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person during and in relation to the bank fraud offense charged in Count Seven of this Indictment, to wit, [Barrie] used and possessed, without lawful authority, the name, date of birth, and Social Security number of an individual who maintained an account at, among other institutions, Bank of America, N.A., which information was used to access and transfer funds held in that individual's account to an account at JPMorgan Chase Bank, N.A., that [Barrie] controlled.

6

relation to" certain predicate felony offenses. The commission of one of those predicate felony offenses is thus an essential element of a section 1028A offense. Therefore, although this Circuit has not specifically addressed the question of venue in a prosecution under section 1028A, we have no trouble concluding that venue properly lies with respect to an aggravated identity theft offense in any district in which venue lies for the predicate, in this case the Southern District of New York.

Our conclusion is supported by the Supreme Court's decision in *United States v. Rodriguez-Moreno*, in which the Court interpreted statutory language almost identical to that contained in section 1028A as authorizing venue in any district in which it is properly laid for the predicate offense. Specifically, the Court in that case considered the question of "whether venue in a prosecution for using or carrying a firearm 'during and in relation to any crime of violence,' in violation of 18 U.S.C. § 924(c)(1), is proper in any district where the crime of violence was committed, even if the firearm was used or carried only in a single district." 526 U.S. at 276. In assessing the nature of the substantive offense described in section 924(c) for venue purposes, the Court read the statute as a whole, noting that

> a defendant's violent acts are essential conduct elements. To prove the charged § 924(c)(1) violation . . . , the Government was required to show that [defendant] used a firearm, that he committed all the acts necessary to be subject to punishment for [a crime of violence], . . . and that he used the gun "during and in relation to" the [crime of violence].

*Id.* at 280 (concluding that section 924(c)(1) contains "two distinct conduct elements . . . the 'using and carrying' of a gun and the commission of [a crime of violence]"). In other words, because of the "during and in relation to" language, the Court viewed "the underlying crime of

S.A. 13.

7

violence [as] a critical part of the § 924(c)(1) offense." *Id.* at 280 n.4. And because the predicate crime of violence was a critical part of the section 924(c)(1) offense, the Court held that venue in a section 924(c)(1) prosecution is appropriate in any district in which venue is appropriate for the predicate crime of violence.

In so holding, the Court rejected defendant's argument that for venue purposes the predicate crime of violence (in that case kidnapping) was "completely irrelevant to the firearm crime[] because [defendant] did not *use* or *carry* a gun *during*" the kidnapping. *Id.* at 281. Rather, the Court reasoned, section 924(c)(1) criminalizes "both the use of the firearm *and* the commission of acts that constitute a violent crime," thus demonstrating that the section 924(c)(1) offense takes place over the course of the predicate crime. *Id.* Accordingly, the Court concluded that

> [t]he [kidnapping], to which the § 924(c)(1) offense is attached, was committed in all of the places that any part of it took place, and venue for the [kidnapping] charge against [defendant] was appropriate in any of them. . . . Where venue is appropriate for the underlying crime of violence, so too it is for the § 924(c)(1) offense. As the [kidnapping] was properly tried in New Jersey, the § 924(c)(1) offense could be tried there as well.

*Id.* at 282.

A similar conclusion is warranted here.[4] Section 1028A, like section 924(c)(1), prohibits

_____

[4] Barrie has failed to offer any meaningful basis for us to distinguish the Supreme Court's venue analysis in *Rodriguez-Moreno.* Although Barrie correctly notes that the Supreme Court recently described the underlying felony offenses in section 1028A as "a set of predicate crimes," *Flores-Figueroa v. United States*, 556 U.S. --, 129 S. Ct. 1886, 1888 (2009), nothing in that decision cuts against a conclusion that the commission of one of those "predicate crimes" is a critical part of a section 1028A offense.

Moreover, it bears noting that Congress enacted section 1028A in July 2004 — over five years after the Supreme Court's decision in *Rodriguez-Moreno* — and was thus well aware of the Court's venue analysis contained therein. When "judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its . . . judicial interpretations as well,"

8

certain conduct committed "during and in relation to" certain predicate felony offenses. Such language plainly indicates that the predicate felony offense (here, bank fraud) is an essential conduct element of the section 1028A offense. Moreover, like the kidnapping offense at issue in *Rodriguez-Moreno*, it is well established that bank fraud is a continuing offense, *see*, *e.g.*, *United States v. Duncan*, 42 F.3d 97, 104 (2d Cir. 1994), thus permitting venue to lie in any district where that crime was begun, continued, or completed, *see* 18 U.S.C. § 3237(a).

The bank fraud charged in Count 7 — to which the section 1028A offense is attached and which constituted an essential element of the 1028A offense — was committed in all of the places that any part of it took place. Thus, for venue purposes, it does not matter that Barrie transferred, possessed, or used Mizrahi's name, date of birth, and Social Security number only in Brooklyn, New Jersey, Delaware, and Ontario, because he did so "during and in relation to" a bank fraud that took place in the Southern District of New York. Because it is undisputed that venue here is appropriate for the bank fraud offense charged in Count 7, so too is it for the section 1028A offense charged in Count 8. We therefore agree with the district court that venue was properly laid in the Southern District of New York with respect to the aggravated identity

---

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006) (quoting *Bragdon v. Abbott*, 524 U.S. 624, 645 (1998)), and there is no reason for us to conclude otherwise here. Indeed, to the contrary, given that the legislative history of the aggravated identity theft statute indicates that section 1028A's penalty scheme was modeled on that used in section 924(c), *see Identity Theft Penalty Enhancement Act and the Identity Theft Investigation and Prosecution Act of 2003: Hearing on H.R. 1731 and H.R. 3693 Before the Subcomm. on Crime, Terrorism, and Homeland Security of the H. Comm. on the Judiciary*, 108th Cong., 2d Sess. (Mar. 23, 2004) (statement of Timothy Coleman, Counsel to the Assistant Attorney General, Criminal Division, Department of Justice), *available at* 2004 WL 576605, we have no reluctance in construing section 1028A in a manner consistent with how the Supreme Court construed section 924(c) for venue purposes. Had Congress intended to more narrowly circumscribe the venue requirements for a prosecution under section 1028A, it could have so provided. It did not, and we decline to do so here.

theft count.

## CONCLUSION

For the foregoing reasons and the reasons stated in the companion summary order, we **AFFIRM** the district court's judgment of conviction.