RYMER, Circuit Judge,
concurring in part and dissenting in part:
I would hold that venue in the Central District of California was improper for Lam’s convictions under 18 U.S.C. § 545.
The indictment does not charge Lam with smuggling fish into the United States — only with receiving, selling, and transporting the fish after its importation.[1] This anterior criminal conduct does not count towards venue. United States v. Cabrales, 524 U.S. 1, 6-8, 118 S.Ct. 1772, 141 L.Ed.2d 1 (1998).
I am not persuaded that 18 U.S.C. § 3237(a) permits venue in this case. The indictment didn’t charge Lam with moving the fish in interstate commerce. See Cab-rales, 524 U.S. at 8-9,118 S.Ct. 1772 (holding that § 3237(a) did not establish venue in a non-interstate commerce offense).

. To be precise, the indictment charges that Lam "did knowingly receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale” of the fish after illegal importation.