13-325-cr
United States of America v. Mosquera-Prado

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of February, two thousand fourteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee*,

             -v-                                           13-325-cr

JOSE MOSQUERA-PRADO AKA EL NEGRO,

                    *Defendant-Appellant*.

---

Appearing for Appellant:      Elizabeth E. Macedonio, Bayside, N.Y.

Appearing for Appellee:       Benjamin Naftalis, Assistant United States Attorney (Preet
                              Bharara, United States Attorney for the Southern District of New
                              York; John P. Cronan, Justin Anderson, Assistant United States
                              Attorneys, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment or order of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Jose Mosquera-Prado ("Mosquera") appeals from a January 9, 2013 judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*) filed on January 25, 2013 following a two-week trial in which the jury found him guilty of conspiracy to distribute and possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A), and conspiracy to important cocaine and heroin into the United States in violation of 21 U.S.C. § 963, 960(a)(1), and 960(b)(1)(A). Mosquera was sentenced to a term of imprisonment of 280 months, to be followed by five years of supervised release.

Mosquera concedes that the evidence adduced at trial established that he was involved in a narcotics conspiracy formed in Colombia during the time period alleged in the indictment. However, he contends on appeal that the evidence did not show that he intended that any drugs be delivered to the United States, and that venue was not proper in the Southern District of New York. Mosquera also takes issue with the district court's response to a jury question about the transcripts of several intercepted phone calls. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I. Sufficiency of the Evidence

"A defendant challenging the sufficiency of the evidence bears a heavy burden, because the reviewing court is required to draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011), *cert. denied*, 133 S. Ct. 1794 (2013). We must affirm a conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted)). "For non-citizens acting entirely abroad, a jurisdictional nexus exists when the aim of that activity is to cause harm inside the United States or to U.S. citizens or interests." *United States v. Al Kassar*, 660 F.3d 108, 118 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 2374 (2012).

There was ample evidence at trial from which a jury could have inferred that Mosquera knew that the drugs in question were "bound for the United States," *United States v. Londono-Villa*, 930 F.2d 994, 1001 (2d Cir. 1991), and that the charged importation and distribution conspiracy targeted New York City in particular. Thus, we reject Mosquera's sufficiency of the evidence argument, and affirm the district court's denial of his motion for judgment of acquittal on this basis.

## II. Venue

Mosquera's challenge to venue in the Southern District of New York is similarly without merit. As an initial matter, venue need only be established by a preponderance of the evidence. *See United States v. Ramirez*, 420 F.3d 134, 139 (2d Cir. 2005). "[O]ffenses 'begun in one district and completed in another' . . . may be 'prosecuted in any district in which [the] offense was begun, continued, or completed.'" *United States v. Cabrales*, 524 U.S. 1, 7 (1998) (quoting

18 U.S.C. § 3237(a)).  "In cases involving telephone calls between co-conspirators in different districts, we have ruled that venue lies in either district as long as the calls further the conspiracy."  *United States v. Rommy*, 506 F.3d 108, 120 (2d Cir. 2007) (internal quotation marks omitted).

At trial, the jury had sufficient evidence from which to conclude that the criminal acts in question had "substantial contacts," *see Ramirez*, 420 F.3d at 139, with New York City—the location referred to in phone calls and emails as the "Twins" or the "Second Floor."  For example, the government introduced testimony from a confidential informant—whom Mosquera had believed to be a fellow narcotics trafficker—and a telephone conversation between the informant and Mosquera in which Mosquera gave the informant a telephone number for a potential drug buyer in New York.  That number began with an area code that was within the Southern District of New York, and one of Mosquera's coconspirators testified that he learned that the informant in fact followed Mosquera's instructions to call that buyer.

## III.    Response to Jury Inquiry

As to Mosquera's challenge to the district court's response to the jury's note, a trial judge has "considerable discretion in determining how to respond to communications indicating that the jury is experiencing confusion."  *United States v. Parker*, 903 F.2d 91, 101 (2d Cir. 1990).  Any supplemental charge given by the trial court must be considered "in its context and under all the circumstances."  *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988) (internal quotation marks omitted).

We conclude that the district court's response to the jury request for clarification about the stipulations entered into evidence was neither an incorrect statement of the law nor of the factual record in this case. Indeed, all the court did was direct the jurors to the stipulations that *had* been made over the course of trial.  There was no error or abuse of discretion in this response.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3