KETHLEDGE, Circuit Judge,
concurring in part and dissenting in part.
“The Constitution twice safeguards the defendant’s venue right[.]” United States v. Cabrales, 524 U.S. 1, 6, 118 S.Ct. 1772, 141 L.Ed.2d 1 (1998). Article III of the Constitution provides that “[t]he Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed[.]” Art. III, § 2, cl. 3. And the Sixth Amendment guarantees that, “[i]n all criminal prosecutions, the accused shall en *359 joy the right” to a trial “by an impartial jury of the State and district wherein the crime shall have been committed!.]” Both of those commands were violated as to the concealment money-laundering charges here.
The district in which a crime is committed “must be determined from the nature of the crime alleged and the location of the act or acts constituting it.” Cabrales, 524 U.S. at 6-7, 118 S.Ct. 1772. Specifically, “in performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts.” United States v. Rodriguez-Moreno, 526 U.S. 275, 279, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999) (emphasis added). In determining where a crime was committed for purposes of constitutional venue, therefore, the court looks to the place of the “conduct elements” rather than to the place of any “circumstance elements]” of the offense. Id. at 280 & n.4, 119 S.Ct. 1239.
There is only one conduct element for the offense at issue here. Concealment money-laundering is defined as follows: ‘Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction ... knowing that the transaction is designed in whole or in part” to conceal the illicit nature or source of those proceeds, is guilty of concealment money-laundering. 18 U.S.C. § 1956(a)(l)(B)(i) (emphasis added). Thus, as the Supreme Court said in Cóbrales, the offense of concealment money-laundering “interdiet[s] only the financial transactions ... not the anterior criminal conduct that yielded the funds allegedly laundered.” 524 U.S. at 7, 118 S.Ct. 1772.
Here, the financial transactions that constituted the charged money-laundering offenses took place at banks in Pennsylvania and Mississippi, respectively. Hence none of those transactions- — which is to say, none of the “essential conduct elements!,]” Rodriguez-Moreno, 526 U.S. at 280, 119 S.Ct. 1239—took place in the Western District of Michigan. Instead that district was the site of the motor-home thefts — which is to say, “the anterior criminal conduct that yielded the funds allegedly laundered.” Cabrales, 524 U.S. at 7, 118 S.Ct. 1772. Thus, per the Supreme Court’s decisions in Cóbrales and Rodriguez-Moreno, Myers committed the charged money-laundering offenses in Pennsylvania and Mississippi, rather than the Western District of Michigan. His trial on those charges in Michigan, therefore, violated Article III and the Sixth Amendment of the Constitution. Hence we should reverse those convictions.
In holding to the contrary, the Majority loses sight of the distinction between conduct elements and circumstance ones. The Majority reasons that the charged money-laundering “was committed in part in the Western District of Michigan” because Myers “gained possession of the ‘proceeds of specified unlawful activity’ [ie., the motor homes]” there. Maj. Op. at 351. That is factually true but legally irrelevant as to venue — because possession of the unlawful proceeds is merely “a circumstance element” of concealment money-laundering. Rodriguez-Moreno, 526 U.S. at 280 n.4, 119 S.Ct. 1239. Laundering the unlawful proceeds, not possessing them, is what constitutes the offense of concealment money-laundering. That is why the Supreme Court has said this offense “inter-dictes] only the financial transactions ... not the anterior criminal conduct that yielded [ie., allowed the defendant to possess] the funds allegedly laundered.” Cabrales, 524 U.S. at 7, 118 S.Ct. 1772 (emphasis added).
*360 Nor does Rodríguez-Moreno support the result in this case. The defendant there was charged with “using or carrying a firearm ‘during and in relation to any crime of violence’ ” — in that case, a kidnap-ing. 526 U.S. at 280, 119 S.Ct. 1239 (quoting 18 U.S.C. § 924(c)(1)). The kidnaping had “begun in Texas and continued in New York, New Jersey, and Maryland.” Id. at 281, 119 S.Ct. 1239. Although the defendant was tried in New Jersey, he argued that venue was proper only in Maryland, which was the only state where he had used the gun. The Supreme Court disagreed, holding that the requisite “crime of violence” was a conduct element of the offense even though that element was “embedded in a prepositional phrase[J” Id. at 280, 119 S.Ct. 1239. But that does not mean that every element “not expressed in verbs,” Maj. Op. at 351, is a conduct element. And here the Supreme Court has specifically told us that “the anterior criminal conduct that yielded the funds allegedly laundered” is not a conduct element of concealment money-laundering. Cabrales, 524 U.S. at 7, 118 S.Ct. 1772.
Nor does Cóbrales itself support the result here. True, the Court did observe that “[m]oney laundering ... arguably might rank as a continuing offense triable in more than one place, if the launderer acquired the funds in one district and transported them into another.” Id. at 8, 118 S.Ct. 1772. The idea that the mere transportation of unlawful proceeds out of a particular' district is enough to support venue in that district for concealment money-laundering, however, is irreconcilable with the Court’s statement that the conduct giving rise to that offense is “only the financial transactions!].]” Id. at 7, 118 S.Ct. 1772. What the Court likely had in mind, rather, was the closely related offense of transportation money-laundering, for which “transporting]” the funds is indisputably a conduct element, see 18 U.S.C. § 1956(a)(2)(B)®, and which is therefore indeed a continuing offense “if the launderer acquired the funds in one district and transported them into another.” Cabrales, 524 U.S. at 8, 118 S.Ct. 1772; see also Cuellar v. United States, 553 U.S. 550, 557-60, 128 S.Ct. 1994, 170 L.Ed.2d 942 (2008). But here Myers was charged with concealment money-laundering, for which the conduct element is “conducting] ... a financial transaction!,]” 18 U.S.C. § 1956(a)(1)(B)®, rather than “transporting]” the funds, id. § 1956(a)(2)(B)®.
In Cóbrales, the Court also observed that the “the counts at issue do not charge Cabrales with conspiracy.” 524 U.S. at 7, 118 S.Ct. 1772. Here, of course, Myers was charged with conspiracy. But conspiracy to commit money-laundering is a different offense than concealment money-laundering. See 18 U.S.C. § 1956(h). And an agreement to launder is a conduct element of conspiring to money-launder, whereas for concealment money-laundering an agreement is not a conduct element. See Cabrales, 524 U.S. at 7, 118 S.Ct. 1772; Ocasio v. United States, — U.S. -, 136 S.Ct. 1423, 1429, 194 L.Ed.2d 520 (2016). Here, I agree that venue was proper in the Western District of Michigan for the conspiracy charge, because the conspiracy (ie., the relevant agreement) was obviously in place while Myers was in that district. But that agreement cannot support venue in that district on the concealment money-laundering charge, because again the agreement was not a conduct element of that offense.
The Constitution requires us to determine venue crime-by-crime, rather than in gross. I therefore respectfully dissent from the Majority’s decision to affirm Myers’s convictions on the concealment money-laundering charges (counts 6 and 7). And I *361 otherwise concur in all but Part II of the Majority’s thoughtful opinion.