*United States v. Martinez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand twenty-five.

Present:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 23-7437-cr

TIMOTHY MARTINEZ,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| *For Defendant-Appellant*: | ANDREW H. FREIFELD, ESQ., New York, NY. |
| *For Appellee*: | CHAND EDWARDS-BALFOUR (Susan Corkery, William P. Campos, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 4, 2023, judgment of the district court is **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART.**

Defendant-Appellant Timothy Martinez appeals from a judgment of conviction entered on October 4, 2023, in the United States District Court for the Eastern District of New York (Frederic Block, *District Judge*), following a jury trial. Martinez was found guilty of two counts of sexual exploitation of a child (Counts One and Two), one count of attempted receipt of child pornography (Count Three), and one count of possession of child pornography (Count Four), in violation of 18 U.S.C. §§ 2251(a), 2252(a)(2), and 2252(a)(4), respectively. He was sentenced to two concurrent terms of fifteen years in prison for Counts One and Two, plus two concurrent five-year prison terms for Counts Three and Four, all to be followed by five years of supervised release, as well as payment of $3,000 in restitution and a $400 special assessment. On appeal, Martinez challenges only his convictions on Counts One and Two, which charged him with child exploitation based on his online chats with two minor girls, during which he induced them to send him sexually explicit depictions of themselves. He argues that venue for the charges was improper in the Eastern District of New York (EDNY), and that the jury instructions constructively amended those two charges. We agree with Martinez that the trial evidence was insufficient to establish venue in the EDNY as to his count of conviction in Count One (as reflected in the verdict form) and therefore vacate his conviction on that count. We are unpersuaded, however, by his remaining arguments. Accordingly, we affirm in part and vacate in part the judgment of the district court, and remand for resentencing. We assume the parties' familiarity with the case.

## I. Venue

After trial, Martinez moved for a judgment of acquittal or, alternatively, a new trial on

Counts One and Two pursuant to Federal Rules of Criminal Procedure 29 and 33. Martinez argued that venue was improper in EDNY because neither he nor his two minor victims were present in that district during the commission of the offenses. It was undisputed that at all relevant times Jane Doe-1 (Count One) was in California and Jane Doe-2 (Count Two) was in Illinois, and that the offense conduct was committed exclusively online over video and text chats. According to Martinez, the trial evidence showed that he was deployed outside the district as a military reservist for extended periods during the charged offense periods, and the chat transcripts failed to establish that he induced the minor victims to send him explicit images during the limited times when he was in the district. The district court denied the motions.

The Sixth Amendment affords a criminal defendant the right to be tried in the "district wherein the crime shall have been committed[.]" U.S. Const. amend. VI; *see also* Fed. R. Crim. P. 18 ("Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."). When a federal statute defining an offense does not specify how to determine where the crime was committed, "the *locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it."[1] *United States v. Cabrales*, 524 U.S. 1, 6-7 (1998). Venue is therefore proper only where the acts constituting the offense—that is, the crime's "essential conduct elements"—took place. *See United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999). That said, "where a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done." *Id.* at 281 (quoting *United States v. Lombardo*, 241 U.S. 73, 77 (1916)).

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

3

The Government bears the burden of proving venue. *See United States v. Lange*, 834 F.3d 58, 69 (2d Cir. 2016). Because venue is not an element of a crime, the Government need establish it only by a preponderance of the evidence. *See United States v. Smith*, 198 F.3d 377, 382 (2d Cir. 1999). When, as here, "the Government has prevailed at trial, we review the sufficiency of the evidence as to venue in the light most favorable to the Government, crediting 'every inference that could have been drawn in its favor.'" *Lange*, 834 F.3d at 69 (quoting *United States v. Rosa*, 17 F.3d 1531, 1542 (2d Cir. 1994)).

In this case, Counts One and Two of the Superseding Indictment alleged that Martinez persuaded, induced, and enticed the victim minors to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct, knowing that the depictions would be transmitted, and that he attempted to do so as well.[2] With respect to Count One and Jane Doe-1, the indictment alleged that Martinez's offense conduct continued from October 2016 to March 2017. *Id.* at 29. As to Count Two and Jane Doe-2, the indictment alleged that Martinez's offense

---

[2] Each charge reads, in relevant part:

On or about and between the dates set forth below . . . within the Eastern District of New York and elsewhere, the defendant TIMOTHY MARTINEZ did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, and attempt to do so, to wit, the minors set forth below whose identities are known to the Grand Jury, to engage in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct, knowing or having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and which visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

App'x 28.

4

conduct was ongoing between September 3, 2012, and November 2016. *Id.* At trial, the Government introduced detailed transcripts of chat logs showing the conversations between Martinez and his victims, with times and dates for each communication.

As to Count One, Martinez argues that during only one Skype chat—on October 12, 2016—did he persuade Jane Doe-1 to engage in sexually explicit conduct, and that the evidence clearly showed that he was outside the District at that time, deployed with the U.S. Army in Romania. We agree with Martinez's assessment of the record on this point. And so, to the extent the government relies on the offense that was completed on October 12, it failed to establish venue in the EDNY.

To be sure, the question of venue normally would not have hinged on the October 12 date alone. For example, if there had been evidence that *before* October 12 Martinez was in EDNY while engaging in "grooming" behavior with Jane Doe-1—that is, conduct designed to build a rapport that would eventually lead her to create the sexually explicit visual depictions—then there would have been evidence that Martinez engaged in forbidden conduct (such as persuading and enticing) constituting part of the *completed* offense of sexual exploitation while in EDNY. We express no view as to whether venue could be established by other conduct in other cases. It is enough for us to conclude that venue was lacking here.

The government points to evidence that Martinez continued to send messages to Jane Doe-1 after he was back home in Staten Island in March 2017 (during the charged period), which the jury could have reasonably understood as additional grooming behavior. Because Count One expressly charged Martinez not only with the completed offense of child exploitation, but also with attempt to do so, we agree that there was sufficient evidence from which a jury could have found an *attempted* violation of § 2251(a) (based on post-October 12 conduct) for which venue

5

was satisfied. The problem is that the jury did not return such a verdict. The verdict form instructed the jury that if it found Martinez guilty of child exploitation, it should *not* answer the further question of whether Martinez had attempted to do so. The jury faithfully followed those instructions, finding Martinez guilty of child exploitation and then leaving blank the question about attempt. Although a guilty verdict on a completed offense generally implies a finding of guilt on attempt as well, that rule applies only for conduct that leads up to the completed offense itself. We cannot infer, from the general guilty verdict, that the jury also found that Martinez continued to engage in attempted child exploitation even after having completed the offense.

As to Count One, we are therefore left on appeal, due to the structuring of the verdict sheet, with a jury verdict that (1) found Martinez guilty of a completed offense of child exploitation, for which venue is lacking and (2) cannot be read as expressing any view as to whether Martinez was guilty of attempted child exploitation – the only version of the charged offense for which the jury could have properly found venue. Accordingly, we are constrained to vacate Martinez's conviction on Count One for lack of venue.

As to Count Two, however, there is sufficient evidence of venue in EDNY. Count Two charged Martinez with sexually exploiting Jane Doe-2 over a broad span of time, from September 3, 2012, to November 2016. The trial evidence showed that Martinez first made contact with Jane Doe-2 shortly after she turned thirteen years old, that he was in near-monthly contact with her over the ensuring four years; that his messages were calculated to build a relationship of trust that would lead her to send him visual depictions of sexually explicit conduct through online video chat platforms; and that she did in fact do so. Although Martinez introduced evidence that he was intermittently deployed outside EDNY during this span of time, there was also evidence that he was home in Staten Island for meaningful stretches during the relevant periods, including before

6

the last transmission of any visual depictions.   For example, a witness called by Martinez himself testified that in or around 2014 through 2015, Martinez lived in Staten Island, and that the witness had visited Martinez's apartment "a handful of times" after the witness's retirement from the military in 2014.   App'x at 634-35.   Given this evidence, the jury was entitled to conclude by a preponderance of the evidence that Martinez was present in the EDNY during at least some of the relevant chats with Jane Doe-2 during which he engaged in the persuasion or enticement prohibited by § 2251(a).

In short, the district court erred in denying Martinez's motion for a judgment of acquittal based on lack of venue as to Count One, but correctly denied the motion for acquittal or new trial as to Count Two.

## II.      Jury Instructions

Martinez also argues that the district court erred by instructing the jury that the Government was required to prove for Counts One and Two that Martinez acted "for the purpose of producing any visual depiction of [child pornography] or for the purpose of transmitting a live visual depiction of [child pornography]."   App'x 770.   According to Martinez, this instruction constructively amended the Superseding Indictment, which recited only the first listed purpose (producing) but not the second (transmitting).   Because we have already determined that we must vacate Martinez's conviction on Count One, we consider this argument only with respect to Count Two.

For Martinez to demonstrate error "on a constructive amendment claim, [he] must demonstrate that either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether [Martinez] was convicted of conduct that was the subject of the grand jury's indictment."   *United States v. Salmonese*, 352

7

F.3d 608, 620 (2d Cir. 2003). When assessing whether a constructive amendment of a charged offense has occurred, "[t]he critical determination is whether the allegations and the proof substantially correspond." *United States v. Danielson*, 199 F.3d 666, 670 (2d Cir. 1999). Because "not all modifications constitute constructive amendments," *Salmonese*, 352 F.3d at 621, we have "consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core criminality to be proven at trial." *United States v. Rigas*, 490 F.3d 208, 228 (2d Cir. 2007).

We discern no basis for disturbing Martinez's conviction on Count Two. Both the indictment and the instruction made it clear that Martinez was charged with the core criminality of convincing a child to create still or video depictions of herself in sexually explicit ways, and then transmitting them to him—generally simultaneously. Although Martinez has pointed to one place in the jury instructions where the district court mistakenly referred to the transmission of the depictions in terms of Martinez's purpose (rather than knowledge), any error was harmless because the court later clarified that the jury could find Martinez guilty only if the Government proved beyond a reasonable doubt that he "caused someone to engage in sexually explicit conduct for the purpose of creating a visual depiction." App'x 772. There is no dispute that this latter statement mirrored the language of the indictment. It also closely tracked the Government's proof at trial, including testimony and Skype chats from Jane Doe-2 discussing how Martinez asked her to produce sexually explicit images of herself during their four-year interaction, *see* App'x 559-63; and evidence about his attempts to keep grooming her, *see* App'x 872-86. We conclude that there was no danger that the jury in this case might have convicted Martinez based on a theory that diverged from the one charged by the grand jury.

\* \* \*

We have considered Martinez's remaining arguments and find them to be unpersuasive.

For the foregoing reasons, we **VACATE** Martinez's conviction on Count One, **AFFIRM** his convictions on all other counts, and **REMAND** for resentencing as Counts Two, Three, and Four.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court