UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50265 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00449-PSG-6 |
| v. | Central District of California, Los Angeles |
| PETER XUONG LAM, AKA Kiet, | |
| Defendant - Appellant. | ORDER |

Before: TROTT and RYMER, Circuit Judges, and BEISTLINE, Chief District Judge.[*]

Appellant's petition for panel rehearing filed July 13, 2011, is DENIED. An amended memorandum disposition is filed concurrently with this order. No further petitions shall be entertained.

---

[*] The Honorable Ralph R. Beistline, Chief District Judge for the District of Alaska, sitting by designation.

NOT FOR PUBLICATION

FILED

JUL 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50265 |
| Plaintiff - Appellee, | D.C. No. CR-07-449-PSG |
| v. | **AMENDED MEMORANDUM**[*] |
| PETER XUONG LAM, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted June 8, 2011
Pasadena, California

Before: RYMER, TROTT, Circuit Judges, and BEISTLINE,[**] Chief District
Judge.

Lam appeals his convictions and sentence in the District Court for selling

illegally imported fish in violation of 18 U.S.C. § 545 and introducing misbranded

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Ralph R. Beistline, Chief District Judge for the
District of Alaska, sitting by designation.

1

fish into interstate commerce with the intent to defraud in violation of 21 U.S.C. §§ 331(a)&(c), § 333(a)(2).  This court has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm the convictions and remand for resentencing.

There was sufficient evidence presented at trial to support defendant's convictions.  Even were we to conclude that some of the government's comments during closing argument were inappropriate, which we do not, any error would be harmless and have had no impact on the verdict rendered.  Furthermore, venue was appropriate pursuant to 18 U.S.C. § 3237(a).   Defendant's convictions are therefore AFFIRMED.

However, there was a procedural error by the District Court in determining the amount of tax loss to assess against defendant.  This resulted in a two level enhancement of defendant's offense level.  Accordingly, this matter is remanded for an open resentencing pursuant to *Pepper v. United States*, ___ U.S. ___, 131 S.Ct. 1229, 1239-40 (2011) and *United States v. Matthews*, 278 F.3d 880, 885-86 (9th Cir. 2002).   Furthermore, the forfeiture order is hereby vacated.  The district court may reconsider the forfeiture as part of the resentencing.

The court  REMANDS this matter to the District Court for resentencing consistent herewith.

It is so ordered.

<u>United States v. Lam</u>, No. 09-50265 (Pasadena – June 8, 2011)

RYMER, Circuit Judge, concurring in part and dissenting in part:

I would hold that venue in the Central District of California was improper for Lam's convictions under 18 U.S.C. § 545.

The indictment does not charge Lam with smuggling fish into the United States—only with receiving, selling, and transporting the fish after its importation.[1] This anterior criminal conduct does not count towards venue. *United States v. Cabrales*, 524 U.S. 1, 6-8 (1998).

I am not persuaded that 18 U.S.C. § 3237(a) permits venue in this case. The indictment didn't charge Lam with moving the fish in interstate commerce. *See Cabrales*, 524 U.S. at 8-9 (holding that § 3237(a) did not establish venue in a non-interstate commerce offense).

---

[1] To be precise, the indictment charges that Lam "did knowingly receive, conceal, buy, sell, and facilitate the transportation, concealment, and sale" of the fish after illegal importation.